```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9-22-15
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MILO TYLER,

                Plaintiff,

    - against -

MOTSIFF, et al.,

                Defendants.

REPORT AND
RECOMMENDATION

14-CV-8657 (GBD) (RLE)

TO THE HONORABLE GEORGE B. DANIELS, U.S.D.J.:

## I. INTRODUCTION

On October 24, 2014, *pro se* Plaintiff Milo Tyler ("Tyler") commenced this action pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) United States District Court Judge George B. Daniels referred this case to the undersigned for general pretrial purposes and dispositive motions on November 5, 2014. (Doc. No. 6.) Because Tyler has not contacted the Court since March 18, 2015, I recommend that the Court **DISMISS THIS CASE WITHOUT PREJUDICE** for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## II. BACKGROUND

When Tyler commenced this action, he was incarcerated at the Anna M. Kross Center ("AMKC") on Rikers Island. (Doc. No. 1.) On March 18, 2015, Tyler filed a change of address with the Court, but did not provide a phone number. (Doc. No. 9.) The Court mailed all further correspondence to the address provided. On May 18, 2015, Defendants answered the Complaint. (Doc. Nos. 13, 14.) That same day, the Court ordered that Tyler provide a phone number so that the Court could hold a phone conference. (Doc. No. 16.) Tyler did not submit a phone number. On July 13, 2015, the Court ordered Tyler to submit a phone number at which he could be

reached by July 31, 2015. (Doc. No. 17.) That Order cautioned that if Tyler failed to timely notify the Court of his phone number, this case might be dismissed for failure to prosecute. (*Id.*) As of September 22, 2015, Tyler has not submitted a phone number or contacted the Court for any other purpose.

### III. DISCUSSION

The district court has discretion to dismiss cases for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b). *Lukensow v. Harley Cars of New York*, 124 F.R.D. 64, 66 (S.D.N.Y. 1989) (citing *Harding v. Fed. Reserve Bank of New York*, 707 F.2d 46 (2d Cir. 1983)). "A District Court may, *sua sponte,* dismiss an action for lack of prosecution." *Id.* (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962)). The Second Circuit, however, has added a caveat to this discretionary power, cautioning that dismissal under Rule 41(b) "is a harsh remedy and is appropriate only in extreme situations." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (citing *Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988)). Dismissal should be determined in "light of the whole record." *Lucas*, 84 F.3d at 535. The Second Circuit has further advised district courts to "be especially hesitant to dismiss for procedural deficiencies where . . . the failure is by a pro se litigant." *Id.* (citing *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)).

Accordingly, the Second Circuit has established the following factors in determining whether a *pro se* litigant's case should be dismissed for lack of prosecution under Rule 41(b):

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

2

*Lucas*, 84 F.3d at 535 (citing *Jackson v. City of N.Y.*, 22 F.3d 71, 74-76 (2d Cir. 1994) and *Alvarez*, 839 F.2d at 932).

In the present case, Tyler has not communicated with the Court since March 18, 2015. In its last Order, the Court warned Tyler that his failure to actively litigate his case would result in its dismissal. Further delay of the proceedings would prejudice Defendants, and would unnecessarily impact the Court's docket. The Court recommends that dismissal without prejudice under 41(b) is warranted.

## IV. CONCLUSION

Because Tyler has failed to pursue his claim, and because he failed to comply with the Court's Order despite warning of dismissal, I recommend that the above-entitled action be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have fourteen (14) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the Chambers of the Honorable George B. Daniels, 500 Pearl Street, Room 1310, New York, NY 10007, and to the Chambers of the undersigned, 500 Pearl Street, Room 1970, New York, NY 10007. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(d).

3

**SO ORDERED this 22nd day of September 2015**
**New York, New York**

*[signature: Ronald Ellis]*

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

<u>A Copy of this Report and Recommendation was mailed to:</u>
Milo Tyler
5415 Albemarle Road, Apt. H
Charlotte, North Carolina 28212